UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | No. 08 CR 386-2 |
| | ) | |
| vs. | ) | Judge David H. Coar |
| | ) | |
| KORINDER GORDON, | ) | |
| | ) | |
| Defendant | ) | |

**<u>DEFENDANT KORINDER GORDON'S MOTION FOR A SEVERANCE</u>**

NOW COMES the defendant, KORINDER GORDON, by and through his attorney, GERALD J. COLLINS, and moves this Court, pursuant to Rule 14 of the federal Rules of Criminal Procedure for entry of an Order severing his case from the trial of co-defendants, and granting him a separate trial. In support of this motion, the defendant states as follows:

1. That Rule 14 of the Federal rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of another defendant in an indictment for trial, the Court may grant a severance of defendants.

2. That the Supreme Court has ruled that a severance is proper under Rule 14 where there is a serious risk that a joint trial would compromise a specific trial right or would prevent the jury from making a reliable judgment of innocence or guilt. <u>Zafiro v. United States</u>, 113 S. Ct. 933, 938 (1993). Further, there is a serious risk that a joint trial would compromise a specific trial right where evidence is introduced that the jury should not consider against a defendant and that would not be admissible against a defendant if he were tried alone. <u>Id</u>.

3. That under Rule 14 a severance is appropriate where the evidence is difficult for the jury to compartmentalize with respect to the various defendants and where jury confusion is likely to result.

4. That under Rule 14 a severance is appropriate if the weight of the evidence against one defendant is so great that it would cause it would overflow against a co-defendant and jeopardize the right of the co-defendant to a fair trial.

5. That in this case, the defendants, SHAMONTE HALL, KORINDER GORDON, and RODNEY RAY are charged in a five count indictment.

6. That in Count One, each defendant is charged with conspiracy to distribute and to possess controlled substances.

7. That Count Two charges each defendant with attempt possession of a controlled substance with intent to distribute.

8. That Count Three charges each defendant with possession of a firearm in relation to a drug offense.

9. That the weight of the evidence is much greater against SHAMMONTE HALL than KORINDER GORDON.

10. That Court Four charges SHAMMONTE HALL with being a felon in possession of a firearm; Count Five charges KORINDER GORDON with being a felon in possession of a firearm.

11. That the government has recorded SHAMMONTE HALL in numerous telephone and in person conversations with the confidential informant in which they discuss the purchase and delivery of controlled substances.

12. That there are no recorded telephone conversations between KORINDER GORDON and the confidential informant.

13. That the large number of these recorded conversations between the co-defendant, SHAMMONTE HALL, and the government confidential informant will overflow against the defendant and deprive him of a fair trial.

14. That in addition to the overflow of recorded telephone calls of SHAMMONTE HALL, both co-defendants, SHAMMONTE HALL AND RODNEY RAY have recorded conversations with the undercover agent in the vehicle before the defendant, KORINDER GORDON, ever enters the vehicle.

15. That there is a minimal amount of evidence against KORINDER GORDON.

WHEREFORE, defendant, KORINDER GORDON, by and through his attorney, GERALD J. COLLINS, and moves this Court, pursuant to Rule 14 of the federal Rules of Criminal Procedure for entry of an Order severing his case from the trial of co-defendants, and granting him a separate trial.

Respectfully submitted,

s/ Gerald J. Collins
GERALD J. COLLINS

GERALD J. COLLINS
Attorney at Law
100 West Monroe Street, Suite 1310
Chicago, IL 60603
(312) 641-1950